UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60169-CIV-DIMITROULEAS

JOHN H. RAMIREZ,

    Plaintiff,

vs.

CITY OF FORT LAUDERDALE FIRE RESCUE,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant, City of Fort Lauderdale's, Motion to Dismiss First Amended Complaint [DE 17]. The Court has carefully considered the Motion [DE 17], Plaintiff's Response [DE 18], Defendant's Reply [DE 19], and is otherwise fully advised in the premises.

**I.**     **Background**

On January 18, 2019, this action was removed to this Court. *See* [DE 1]. Plaintiff John H. Ramirez ("Ramirez" or "Plaintiff") initiated this action against Defendant City of Fort Lauderdale Fire Rescue ("Defendant" or "City") for violation of Uniformed Services Employment and Reemployment Rights Act (USERRA, 38 U.S.C. 4301-4333). [DE 1-1]. On April 29, 2019, the Court granted Defendant's Motion to Dismiss, dismissing the Complaint with leave to amend because Plaintiff had failed to allege that his protected status as a servicemember was a motivating factor behind Defendant's choice not to promote him. *See* [DE 15]. On May 9, 2019, Plaintiff filed the Amended Complaint (the "AC"). *See* [DE 16]. On May 22, 2019, Defendant filed the instant Motion to Dismiss. *See* [DE 17].

Plaintiff was hired by Defendant in March 1994. ¶ 5.[1] During Plaintiff's employment, he served in the United States Army and was called for various deployments. ¶ 6. Plaintiff has repeatedly applied for promotion to Division Chief and was passed over for promotion several times. ¶¶ 7-14. "Plaintiff has never been granted promotion to Division Chief because of his military service." ¶ 14. Plaintiff took the Division test several times, but was denied the opportunity to take the test in 2016 while he was deployed. ¶ 12; [DE 16 at p. 8]. Plaintiff complained to Ms. Cosentino that he had been denied promotions and that it was connected to his military service. ¶ 15; [DE 16 at p. 7]. Defendant never responded to Plaintiff's complaint and continues to ignore Plaintiff's complaints. ¶ 16.

Defendant uses the rule of five to select personnel for promotion, which, according to Plaintiff violates Plaintiff's rights under USERRA by "not following the State of Florida Veterans preference." ¶ 17. Plaintiff has complained to the Defendant that his military service was a factor in the decision to deny him promotion. ¶ 19. Plaintiff seeks injunctive relief in the form of an order requiring Defendant to promote Plaintiff to Division Chief. Plaintiff also seeks back pay and other damages. Defendant moved to dismiss the AC for failure to state a claim upon which relief may be granted; the Court agrees that, as currently plead, the AC fails to state a claim. The Court provides Plaintiff one final opportunity to amend.

II.     **Standard of Review**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is

---

1 Citations to the Amended Complaint [DE 16] are styled as ¶__.

unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

**III.   Discussion**

The relevant provisions of USERRA, 38 U.S.C. § 4311(a) and (b) state:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, *promotion*, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a)(emphasis added).

To establish a prima facie case under USERRA, "a plaintiff must show by a preponderance of the evidence that his protected status was a motivating factor in the challenged action." *Dominguez v. Miami-Dade Cty.*, 669 F. Supp. 2d 1340, 1347 (S.D. Fla. 2009), aff'd, 416

F. App'x 884 (11th Cir. 2011). "A motivating factor does not mean that it had to be the sole cause of the employment action." *Id.* (citations omitted). "Instead, it is one of the factors that a truthful employer would list if asked for the reasons for its decision." *Id.* (citations omitted). Once an employee meets this burden, the burden shifts to the employer to demonstrate that the action would have been taken despite the employee's protected status. *Id.*

To the extent that Plaintiff is attempting to state a claim under USERRA based on Florida's veterans' preference law, that claim is dismissed. USERRA prohibits discrimination against servicemembers; it does not require preferential treatment. As the Supreme Court explained, in construing an earlier version of USERRA, "the legislative history strongly suggests that Congress did not intend employers to provide special benefits to employee—reservists not generally made available to other employees." *Monroe v. Standard Oil Co.*, 452 U.S. 549, 561 and n. 12, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981). In continuing, the Court noted that a sponsor of the Act, in all of his three (3) congressional appearances, "made it abundantly clear that the purpose of the legislation was to protect employee reservists from discharge, denial of promotional opportunities, or other comparable **adverse** treatment solely by reason of their military obligations; there was never any suggestion of employer responsibility to provide preferential treatment." *Id.* at 562, 101 S.Ct. 2510 [emphasis in original]. Plaintiff has not provided any legal authority to support the use of USERRA as a tool to effectuate state veterans' preference laws, and the Court finds that USERRA does not require preferential treatment for servicemembers.

The Court finds that Plaintiff's allegation that he was denied the opportunity to take a test required for promotion may be sufficient to state a claim under USERRA, but the AC contains insufficient facts for the Court to determine if Plaintiff has stated a plausible claim for relief. It is

Plaintiff's burden to allege that his protected status as a servicemember was the motivating factor behind Defendant's choice not to promote him. Plaintiff is provided one final opportunity to amend the AC to specifically allege whether Defendant failed to allow him to take a test required for promotion, and if so, whether that decision was motivated by his status as a servicemember.

Defendant's Motion to Dismiss [DE 17] is granted in part. Plaintiff is afforded one final opportunity to amend his pleading to allege a violation of USERRA as described in this Order.

### A. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 17] is **GRANTED in part and DENIED in part** as set forth above;
2. The Compalint [DE 16] is **DISMISSED** with leave to amend;
3. Plaintiff shall file an amended complaint on or before **July 30, 2019**; and
4. Failure to file an amended complaint consistent with this Order will result in dismissal of this action.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida this 17th day of July, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record